J. N. WORLEY, F. H. COLLEY and W. M. SIMS, for plaintiff in error.

MCCURRY & PROFFITT, *contra.*

---

## WHITNEY *v.* BUTTS.

1. In a suit upon a promissory note against a maker and indorser (not an accommodation indorser), judgment having been rendered in plaintiff's favor against the indorser, but in favor of the maker

upon a plea of payment by the latter, and the plaintiff having obtained a new trial as against him only, the judgment remaining of full force against the indorser, these facts will not estop the indorser, upon a second trial between the plaintiff and the maker, from testifying that the note was in fact paid to him by the maker, and by himself to the plaintiff, before the suit was brought. While the judgment against the indorser is conclusive and binding upon him, and he would be estopped from availing himself, by his own or any other evidence, of any fact inconsistent with that judgment, he is not estopped from testifying as a witness in favor of the maker to facts inconsistent therewith. As somewhat analogous, see *Geise & Co.* v. *Bluthenthal & Bickert,* 88 *Ga.* 285, 14 S. E. Rep. 479.

2. The indorser having testified that the maker had paid the note to him, and that he had paid the same to the plaintiff in cotton before the suit was brought, it was error to reject, as evidence tending to affect the credit of the witness, the judgment rendered against him, there being other evidence tending to show that he had made no defence but acquiesced in the judgment, had made no motion for a new trial, nor otherwise attempted to set the same aside. The testimony of a witness may be attacked by showing conduct on his part in the nature of admissions inconsistent with such testimony, as well as by proof of contradictory statements.

January 4, 1893.                                    *Judgment reversed.*

Before Judge Jenkins. Hancock superior court. April term, 1892.

Whitney sued Butts as maker and Simmons as indorser on a promissory note payable to the order of Simmons, and indorsed by Simmons. Butts pleaded the general issue, and payment. There was a verdict in favor of Butts and against Simmons. This verdict as against Simmons was unexcepted to, but a new trial was granted plaintiff as to the verdict in favor of Butts. Upon the second trial there was a verdict in favor of the defendant. The plaintiff's motion for a new trial was overruled, and he excepted. The motion contained, beside the general grounds, the following:

1. The court erred in overruling plaintiff's objection to the testimony of Simmons, and in refusing to exclude it on plaintiff's objection that his testimony impeached the verity of the former verdict against Sim-

mons as indorser for the full amount of the note sued upon, which verdict appeared in the record and was unobjected to or set aside. Plaintiff objected that Simmons was incapable as a witness and estopped by the verdict from testifying that he had, prior to the rendition of said verdict, paid the proceeds of the note to Whitney.

2. After the introduction of the testimony of Simmons, the court, over plaintiff's objection, excluded the former verdict and judgment which had been offered in evidence by plaintiff.

R. H. LEWIS, by brief, for plaintiff.

REESE & LITTLE, by J. H. LUMPKIN, for defendant.